# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
)
v. ) ID# 1206022379
)
)
CHRISTOPHER E. CRAIG, )
)
Defendant )
)
)

Submitted: August 1, 2019
Decided: August 29, 2019

On Defendant's Motion for Postconviction Relief. **DENIED.**
On Defendant's Motion for Appointment of Counsel. **DENIED.**

## ORDER

Barzilai K. Axelrod, Esquire, Department of Justice, Wilmington, Delaware, Attorney for the State.

Christopher E. Craig, Sussex Correctional Institution, Georgetown, Delaware, *pro se.*

COOCH, R.J.

This 29th day of August, 2019, upon consideration of Defendant's motions, it appears to the Court that:

1.  On November 5, 2012, Christopher E. Craig ("Defendant") pled nolo contendere to one count of Promoting Prison Contraband.[1] Defendant was sentenced to twelve months at level five incarceration. At the time of the plea and sentencing, Defendant was serving consecutive level five sentences of twenty years for Possession of a Deadly Weapon

---

[1] Sentencing Order, *State v. Craig*, ID# 1206022379, D.I. 9 (Nov. 5, 2012).

1

During the Commission of a Felony ("PDWDCF"), and eighteen years for Murder Second Degree. Defendant was sentenced on the PDWDCF and the Murder Second Degree charges on May 16, 1997. Defendant now has a total consecutive sentence of thirty-nine years at level five incarceration. As a consequence of his 2012 plea, Defendant lost all accumulated prison good time pursuant to 11 *Del. C.* § 4382(a). On July 22, 2019, Defendant filed a *pro se* Motion for Postconviction Relief and Motion for Appointment of Counsel.

2. In his Motion for Postconviction Relief, Defendant raises two grounds for relief. First Defendant claims that his trial counsel was ineffective for allegedly not informing Defendant that a plea to a criminal charge while Defendant was incarcerated would result in the forfeiture of accumulated good time.[2] Defendant argues that his lack of knowledge of the "direct and automatic consequence" of his plea renders it unknowingly made and invalid.[3] Second, Defendant claims that forfeiture of his accumulated good time pursuant 11 *Del. C.* § 4382(a) without an order by the Court violated his right to due process.[4]

3. Rule 61 is the remedy for defendants "in custody under a sentence of this court seeking to set aside the judgment of conviction[.]"[5] Rule 61 delineates certain "bars to relief" which prevent a defendant from seeking relief in certain circumstances.[6] Under Rule 61(i)(1), a motion for postconviction relief "may not be filed more than one year after the judgment of conviction is final[.]"[7] Defendant filed his motion nearly seven years after his sentencing. His motion is not timely, and therefore procedurally barred. The Court cannot consider the substantive merits of his untimely motion.

4. Additionally, Defendant's request for appointment of counsel is denied. The Court "may appoint counsel for an indigent movant's first *timely* postconviction motion and request for appointment of counsel if the

---

[2] *See* Def.'s Mot. for Postconviction Relief at 1, D.I. 12 (July 22, 2019).
[3] *Id.*
[4] *See id.* at 4–5.
[5] Del. Super. Ct. Crim. R. 61(a)(1).
[6] Del. Super. Ct. Crim. R. 61(i).
[7] Del. Super. Ct. Crim. R. 61(i)(1).

motion seeks to set aside a judgment of conviction that resulted from a *plea of guilty or nolo contendere* only if"[8] the Court determines that:

> (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.[9]

Defendant's motion is not timely, and does not meet any of the enumerated requirements in Rule 61(e)(i)-(iv). Thus, Defendant is not entitled to appointment of counsel.

For the foregoing reasons, Defendant's Motion for Postconviction Relief is **DENIED.** Defendant's Motion for Appointment of Counsel is **DENIED.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc: Prothonotary
Investigative Services

---

[8] Del. Super. Ct. Crim. R. 61(e)(3) (emphasis added).
[9] *Id.*